PETITIONER APPEARING PRO SE:
**MIRKO BLESICH**
St. John, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
ATTORNEY GENERAL OF INDIANA
**ANDREW T. GREIN**
**JESSICA R. GASTINEAU**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

**FILED**

Dec 30 2015, 1:00 pm

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| MIRKO BLESICH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 49T10-1411-TA-00067 |
| | ) |
| LAKE COUNTY ASSESSOR, | ) |
| | ) |
| Respondent. | ) |

ON APPEAL FROM A FINAL DETERMINATION
OF THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**December 30, 2015**

FISHER, Senior Judge

Mirko Blesich challenges the final determination of the Indiana Board of Tax Review that valued his real property at $205,000 for the 2010 tax year. While Blesich raises several issues on appeal, the Court consolidates and restates them as: whether the Indiana Board's final determination was improper. The Court affirms the Indiana Board.

**FACTS AND PROCEDURAL HISTORY**

Blesich owns residential real property in Schererville, Indiana. In 2010, the St.

John Township Assessor assigned that property an assessed value of $229,300 ($41,700 for land and $187,600 for improvements). The Township Assessor and Blesich subsequently attempted to reach an agreement regarding the value of the property, but they could not resolve their differences.

Thereafter, Blesich filed an appeal with the Lake County Property Tax Assessment Board of Appeals ("PTABOA"). On April 24, 2013, the PTABOA issued a Notification of Final Assessment Determination that reduced Blesich's 2010 assessment to $205,000. Still not satisfied, Blesich appealed to the Indiana Board in May of 2013, electing to litigate his appeal under the Indiana Board's small claims rules.

On June 9, 2014, the Indiana Board conducted a hearing during which Blesich presented an Appraisal that valued his property at $181,000 as of October 1, 2010. (See Cert. Admin. R. at 37-45.) Blesich also presented a letter, dated April 24, 2012, that documented the Township Assessor's previous offer to reduce Blesich's 2010 assessment to $193,700 (hereinafter, "the Settlement Letter").[1] (See Cert. Admin. R. at 36.) Blesich asserted that the totality of this evidence established that his 2010 assessment should be either $181,000 or $193,700. (See Cert. Admin. R. at 80, 90-91.)

In response, the Lake County Assessor[2] ("County Assessor") claimed that the Appraisal should be disregarded, asserting that it was inadmissible hearsay because the appraiser was not available for cross-examination and that it lacked probative value because it contained several "questionable" adjustments. (See Cert. Admin. R. at 81,

---

[1] Blesich presented a second letter to the Indiana Board that concerned his 2009 assessment only. (See Cert. Admin. R. at 35.)

[2] Indiana Code § 6-1.1-15-3(b) required the County Assessor to defend the PTABOA's valuation of Blesich's property. See IND. CODE § 6-1.1-15-3(b) (2014).

83.) The County Assessor also asserted that the Settlement Letter was not relevant because, among other things, it concerned negotiations to which he was not a party. (See Cert. Admin. R. at 90-91.) Finally, the County Assessor claimed that the PTABOA's valuation should be upheld because the sales data for several comparable properties indicated that the $205,000 valuation was "more than fair." (See Cert. Admin. R. at 51-57, 82-84.)

On October 15, 2014, the Indiana Board issued a final determination, finding that the Appraisal was admissible hearsay evidence that was "arguably probative" of the subject property's value. (See Cert. Admin. R. at 15-16 ¶¶ 10-11, 18-19 ¶ 19(b).) Nonetheless, the Indiana Board explained that the Appraisal could not be the sole basis for a reduction of Blesich's assessment because the County Assessor had properly raised the hearsay objection without exception. (See Cert. Admin. R. at 18-19 ¶ 19(b).) The Indiana Board also found that the Settlement Letter lacked probative value under Indiana law. (See Cert. Admin. R. at 18-19 ¶ 19(c) (citing Dep't of Local Gov't Fin. v. Commonwealth Edison Co. of Ind., 820 N.E.2d 1222, 1227-28 (Ind. 2005)).) The Indiana Board therefore concluded that Blesich had not made a prima facie case for any additional reduction to his 2010 assessment. (See Cert. Admin. R. at 19 ¶ 20.)

On November 24, 2014, Blesich initiated this original tax appeal. The Court heard oral argument on September 16, 2015. Additional facts will be supplied as necessary.

### STANDARD OF REVIEW

The party seeking to overturn an Indiana Board final determination bears the burden of demonstrating its invalidity. Osolo Twp. Assessor v. Elkhart Maple Lane

Assocs., 789 N.E.2d 109, 111 (Ind. Tax Ct. 2003). The Court will reverse a final determination if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of the procedure required by law; or unsupported by substantial or reliable evidence. See IND. CODE § 33-26-6-6(e)(1)-(5) (2015).

## ANALYSIS

Blesich claims that the Indiana Board's final determination must be reversed because it erred in rejecting not only the Appraisal, but also the Settlement Letter. (See Pet'r Br. Real Estate Tax Appeal ("Pet'r Br.") at 2.) Blesich also contends that the Indiana Board's final determination is improper given its delay in conducting the administrative hearing and issuing the final determination.[3] (See Pet'r Br. at 3.)

### The Appraisal

Blesich claims that the Indiana Board erred in disregarding the Appraisal because: 1) it was not hearsay; 2) the Township Assessor told him to get an appraisal; 3) the Appraisal was prepared by an independent third party; and 4) the Appraisal's valuation data overlapped with the County Assessor's sales data. (See Pet'r Br. at 2; Pet'r Resp. Resp't Br. Real Estate Tax Appeal ("Pet'r Reply Br.") at 2-4; Oral Arg. Tr. at 3-5, 7-9, 16, 22.) Consequently, Blesich maintains that the Indiana Board should have reduced his 2010 assessment to $181,000. The Court, however, must disagree.

The certified administrative record reveals that Blesich entered the Appraisal, which was prepared by Thomas J. Serratore, into evidence to prove that his property

---

[3] Blesich also claims that the Indiana Board's final determination is improper because it should have disregarded the Assessor's sales data evidence. (See Pet'r Br. Real Estate Tax Appeal ("Pet'r Br.") at 2.) The Court, however, need not address this claim to resolve the case.

4

was worth only $181,000 for the 2010 tax year. (See Cert. Admin. R. at 44-45, 80.) Mr. Serratore was not present at the Indiana Board hearing to testify in support of the Appraisal. (See Cert. Admin. R. at 32, 59-60, 81.) Therefore, the Appraisal was hearsay. See Ind. Evidence Rule 801(a)-(c) (providing that hearsay is a person's written assertion that: "(1) is not made by [the person] while testifying at trial or hearing; and (2) is offered in evidence to prove the truth of the matter asserted").

Blesich litigated this matter under the Indiana Board's small claims rules and the County Assessor did not object. (See Cert. Admin. R. at 59.) These rules provide that "[h]earsay evidence, as defined by the Indiana Rules of Evidence (Rule 801), may be admitted[, and i]f the hearsay evidence is not objected to, [it] may form the basis for [the Indiana Board's final] determination." 52 IND. ADMIN. CODE 3-1-5(b) (2013) (see http://www.in.gov/legislative/iac/). They go on to provide, however, that the Indiana Board's final determination cannot be based solely upon hearsay evidence when it is properly objected to and does not fall within a recognized exception to the hearsay rule. See 52 I.A.C. 3-1-5(b).

The County Assessor properly objected to the Appraisal. (See Cert. Admin. R. at 81.) Blesich has not provided nor has this Court found an applicable hearsay exception. See generally, e.g., Ind. Evidence Rule 803. Accordingly, the Court must find that the Indiana Board did not err in disregarding the Appraisal.

### The Settlement Letter

Next, Blesich claims that the Indiana Board's rejection of the Settlement Letter was improper. (See Pet'r Br. at 2; Pet'r Reply Br. at 4.) The Court disagrees.

When Blesich initiated his administrative appeal, Indiana Code § 6-1.1-15-1

5

required the Township Assessor to attempt to meet with Blesich informally to resolve as many issues as possible. See IND. CODE § 6-1.1-15-1(b)(h) (2013) (amended 2015). The statute further provided that if the matter was not resolved during the informal meeting, the Township Assessor was to prepare a document that identified the areas of disagreement and forward the document to the PTABOA. See I.C. § 6-1.1-15-1(2), (j). Here, that document (i.e., the Settlement Letter), in relevant part, states:

> In analyzing sales of comparable properties and the [A]ppraisal submitted, I feel a change should be made.
>
> | Tax year | Assessment |
> |---|---|
> | 2010 pay 2011 | $193,700 |
> | 2011 pay 2012 | $185,800 |
>
> Please indicate in the proper space below if you are in agreement with our decision or if you wish to continue your appeal before the PTABOA.

(Cert. Admin. R. at 36.) Blesich indicated that he wished to continue his appeal before the PTABOA. (See Cert. Admin. R. at 36.)

Blesich argues that the Indiana Board erred in rejecting the Settlement Letter because it is evidence that his property's value should be no more than $193,700. (See Pet'r Br. at 2.) Indiana's Rules of Evidence, however, prohibit the use of settlement terms and settlement negotiations to prove either the liability for or the invalidity of a claim or its amount. See Commonwealth Edison, 820 N.E.2d at 1227. See also BLACK'S LAW DICTIONARY 1496 (9th ed.) (defining a "settlement" as "an agreement ending a dispute or lawsuit"). Indeed, Rule 408 provides that

> [e]vidence of the following is not admissible on behalf of any party . . . to prove . . . the validity or amount of a disputed claim . . . :

6

> > (1) furnishing, promising, or offering, or accepting, promising to accept, or offering to accept a valuable consideration in order to compromise the claim; and
>
> > (2) conduct or a statement made during compromise negotiations about the claim.

Ind. Evidence Rule 408.

While the Indiana Board's small claims rules indicate that certain evidentiary procedures will be relaxed, their prohibition against the use of offers of settlement is enforced. See 52 I.A.C. 3-1-5(a)(2). Consequently, the Court finds that the Indiana Board did not err in rejecting the Settlement Letter as evidence supporting Blesich's requested valuation.

**The Indiana Board's Hearing**

Finally, Blesich has requested that the Court vacate the Indiana Board's final determination and reduce his 2010 assessment to $181,000 because the Indiana Board was dilatory in conducting its administrative hearing and issuing a final determination. (See Pet'r Br. at 3; Pet'r Reply Br. at 4-5.) The Court, however, cannot grant Blesich's request.

When Blesich appealed from the PTABOA, Indiana Code § 6-1.1-15-4 provided that the Indiana Board was to hold a hearing on his appeal within 9 months (unless it was a reassessment year, which it was not). See IND. CODE § 6-1.1-15-4(e)-(f) (2013) (amended 2014). The statute further provided that, absent an extension, the Indiana Board was to issue its final determination on that appeal within 90 days of its hearing. See I.C. § 6-1.1-15-4(g). If the Indiana Board failed to issue a final determination within the 90 days, Blesich could continue to wait for the Indiana Board to make a final determination or he could petition for judicial review under Indiana Code § 6-1.1-15-5.

7

See I.C. § 6-1.1-15-4(i).

While there is no dispute that the Indiana Board failed to hold its hearing on Blesich's appeal within the period prescribed under Indiana Code § 6-1.1-15-4, the statute does not provide him a remedy.[4]  See generally I.C. § 6-1.1-15-4.  Moreover, when the Indiana Board failed to issue its final determination within 90 days of its June 2014 hearing, Blesich availed himself of the remedy provided by statute:  he waited for the Indiana Board to make a final determination instead of filing a petition for review with this Court.  See I.C. § 6-1.1-15-4(i).  (See also Cert. Admin. R. at 27-28 (indicating that Blesich filed an original tax appeal in November 2014).)  Blesich, therefore, has not shown that he has been prejudiced by the Indiana Board's delays.  Accordingly, the Court finds against Blesich on this issue as well.

## CONCLUSION

For all of the above-stated reasons, the final determination of the Indiana Board is AFFIRMED.

---

[4] Nevertheless, Blesich sent a letter to the Indiana Board regarding the delayed hearing and the Indiana Board promptly set the matter for hearing.  (See Cert. Admin. R. at 10-13.)